UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINE KEATON,

    Plaintiff,           CIVIL ACTION NO. 14-CV-14471

vs.                       DISTRICT JUDGE DAVID M. LAWSON

                           MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kristine Keaton seeks judicial review of Defendant the Commissioner of Social Security's determination that she is not entitled to Social Security benefits for her physical and mental impairments under 42 U.S.C. § 405(g).  (Docket no. 1.)   The matter has been referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b).  (Docket no. 3.)

### I.    Recommendation

For the reasons discussed herein, the undersigned recommends that this matter be dismissed, without prejudice, for failure to prosecute pursuant to E.D. Mich. Local Rule 41.2 and for failure to comply with the Court's February 4, 2016 Order.

### II.    Discussion

On May 20, 2015, this matter was transferred, pursuant to Administrative Order 15-AO-033, to a three-judge panel for consideration of a global stay and an inquiry into Plaintiff's counsel's representation.  The matter was stayed as part of a global stay on June 9, 2015. (Docket no. 15.)

1

On October 19, 2015, pursuant to Administrative Order 15-AO-045, the matter was transferred back to the original District Judge. On October 14, 2015, the Court ordered Plaintiff's counsel to send a letter to Plaintiff that would (i) advise that the firm would no longer represent Plaintiff; (ii) advise that Plaintiff would have 60 days to obtain new counsel or Plaintiff would be deemed to be proceeding pro se; (iii) set forth the names of three independent lawyers whom Plaintiff could retain if desired; and (iv) provide information regarding return or transfer of files. (Docket no. 16.)

New Counsel has not appeared on Plaintiff's behalf in this matter, so on January 28, 2016, the Court lifted the stay in this matter, removed Plaintiff's counsel, and continued the referral to the undersigned for all pretrial purposes. (Docket no. 18.) The Court noted that "the magistrate judge may furnish a report and recommendation on the previously-filed motions for summary judgment" and that "[t]he report and recommendation is requested by March 1, 2016." (*Id.* at 2.)

On February 4, 2016, the undersigned entered an Opinion and Order striking the existing Motions for Summary Judgment (docket nos. 10 and 13) as insufficient for the purposes of making a decision in this matter and entering a new scheduling order for the parties to file new motions. (Docket no. 19.) The undersigned also noted that under Fed. R. Civ. P. 41(b), a federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order. *See also* E.D. Mich. LR 41.2 ("[W]hen it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice . . . enter an order dismissing . . . the case unless good cause is shown."). Thus, the Court cautioned Plaintiff that a failure to comply with its order and submit a timely Motion for Summary Judgment may result in a recommendation that this matter be dismissed for failure to prosecute or for failure to comply with the Court's Order.

2

Plaintiff has not filed a Motion for Summary Judgment, and the March 7, 2016 deadline for doing so has passed. Accordingly, the Court recommends that the instant complaint be dismissed for failure to prosecute and for failure to comply with the Court's Order.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: March 11, 2016      s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

3

      I hereby certify that a copy of this Report and Recommendation was served on Plaintiff Kristine Keaton and on counsel of record on this date.

Dated:   March 11, 2016                    <u>s/ Lisa C. Bartlett</u>
                                               Case Manager